SAMUEL MILLER v. J. A. JONES.

[Abstract Kentucky Law Reporter, Vol. 6—364.]

**Homestead Right.**

A homestead right can not be asserted as against a note for money
advanced to pay the purchase price of land.

APPEAL FROM BUTLER CIRCUIT COURT.

November 1, 1884.

OPINION BY JUDGE LEWIS:

Appellee instituted this action to recover judgment for the
balance of a note given by the appellant March 12, 1872, payable in
four years for $3,732.50, bearing ten per cent. interest from date until
it fell due and six per cent. thereafter, and to enforce his mortgage
liens upon certain parcels of land for the satisfaction of it. The
lower court having rendered judgment for the amount of the note
subject to two credits dated in 1879 about which there is no con-
troversy, and also to a credit for the amount of the interest up to
March 12, 1876, and for a sale of the land, this appeal is prosecuted.

Appellant contends, first, that he is entitled to a greater credit as
of March 12, 1876, than the endorsement upon the note of that date
now shows, and second, that he is entitled to a homestead exemption
right in the land.

An unusual and unnecessarily large volume of evidence has been
taken, principally as to the first which is a question of fact. And on
account of the conflict between the parties as to not only the main
question, but the many collateral issues raised, and the failure of
both to present a consistent, clear or intelligble statement of accounts
between them, it is somewhat difficult to determine exactly how the
accounts do stand.

In 1869 Jesse Deweese sold to appellant the land mortgaged by
him to appellee, for $6,000, to be paid in three installments; $500

to be paid March 1, 1870, $2,500 September 1, 1870, and $3,000 June 1, 1871, the last one bearing interest from June 1, 1870.

The two first notes having been paid off and cancelled Deweese removed from the county and placed the third one in the hands of appellee for collection. And appellant having failed to do so, appellee agreed to advance the money to pay it, or the balance unpaid, and to take appellant's note therefor, and for what he had previously paid for him on the second note, the first appearing to have been paid off by appellant himself.

Appellant contends that the sum of $1,400 paid by him on the second note given to Deweese, for which he held appellant's note, a note of $600 given to one Phelps by appellant for money used as a payment on the second Deweese note, and which he, appellee, assumed to pay, and the last Deweese note for $3,000, together with interest and calculated on each amount made upwards of $5,600 that he had paid and assumed to pay for appellant to Deweese for the land. And that from that sum were deducted the amounts of the following notes transferred to him by appellant, to wit:

A note on A. B. N. Miller for $1,060.00.

One on L. C. Miller for $500.00.

And two notes on Willis and W. H. Miller amounting to about $320.00.

That these notes being deducted from appellant's aggregate indebtedness to him on the 12th of March, 1872, left the sum of $3,732.50 for which the note sued on was given.

On the other hand appellant contends he had made payments upon the third note given to Deweese previous to March 12, 1872, and that the balance of that note, a note given to one Goff for $984, which was paid to Deweese, the note being subsequently paid off by appellee, the Phelps note for $650, and $268 paid to Deweese by appellee made up the amount for which the note sued on was executed, and that neither the note he held on A. B. N. Miller for $1,060 nor the one on L. C. Miller for $500 were taken into account in arriving at the amount for which the note sued on was given. But that the amount of both these notes having been since collected by appellee ought to be, as it was agreed between the parties should when collected, be applied as credit upon the note sued upon.

The theory of neither party is entirely consistent or supported by the proof. The items of appellant's indebtedness to him on the

12th of March, 1872, do not make the aggregate of $5,600 or near enough thereto to show that it was arrived at by calculation, nor is any process, or data suggested by him by which the amount of the note sued on can be reached.

In his deposition he says there was no money obtained from Goff and applied to paying Deweese, but he is evidently mistaken, for Goff testifies Deweese owed him about that amount, and it did go as a credit on one of the notes Deweese held on appellant, the amount being afterwards paid to him, Goff, by appellee. There is some evidence tending to show that appellee held a note for $1,400 on appellant, and it is probable the amount paid to Goff formed part of the consideration of the $1,400 and the appellant did not pay in cash the entire amount of the $1,400 note, as he states he did.

Appellant files the last note given to Deweese which was for $3,000, and upon that are entered credits which if genuine show that it was not wholly unpaid on the 12th of March, 1872, as appellee contends. But the latter states that the credits were put upon it after appellant got possession of it, and that nothing had been paid on it previous to March 12, 1872. Appellant, however, states positively he did not make payments himself upon that note. And he shows that he had a considerable amount of money derived from the sale of produce, stock, etc. But even if it be true that he actually paid with his own means the amounts shown by the credits on the note for $3,000, and that only a balance of that note was unpaid March 12, 1872, still by no process of calculation can we, taking his data, arrive at the amount of the note sued on.

We do not consider it clearly established by the evidence but are inclined to the belief that the note on A. B. N. Miller for $1,060 was deducted from the sum of appellant's indebtedness to appellee on the 12th of March, 1872, and should not go as a credit on the note sued on.

It is true appellant proves by several witnesses the note was not included in the settlement, and files a written instrument purporting to be signed by appellee by which he agreed to credit the note sued on by the amount of the note of A. B. N. Miller when collected, but appellee swears he never executed the writing. And as appellant fails to show by other than his own testimony he ever paid anything on the note for $3,000, or with sufficient certainty that the credits were on it before it was delivered up to him we must assume that

appellee paid the whole of it, or on the 12th day of March, 1872, assumed to pay it all. And when the amount of that note is added to the $1,400 note and the Phelps note for $650 it becomes apparent that the note on A. B. N. Miller must have been used to reduce appellant's indebtedness to the sum for which the note sued on was given.

It is also by the conflict and confusion of the evidence left in some doubt whether the note for $500 on L. C. Miller was included in that settlement or applied as a credit on the note sued on.

When the note sued on fell due on the 12th of March, 1876, appellant and appellee had another settlement of the previous amounts and on that day paid the note. And on the note is the following endorsement of that date: "Cr. the within note by eight hundred and eleven dollars and 79 cents, the entire interest to the 12th of March, 1876."

Appellant contends that the endorsement has been changed since that day by writing the word "the" over and thereby making almost indistinct the word "an" which was first used instead of "the;" that it was originally written and read to him by appellee as follows: "cr. the within by eight hundred and eleven dollars and 79 cents, an entire interest to the 12th March, 1876."

From an inspection of the endorsement which is before us the word "an" can be indistinctly seen and was evidently written before and is apparently different ink from the word "the" which seems to have been written with a pen that let down the ink freer than the one used in writing the other parts of the credit.

But A. B. N. and L. C. Miller, who were present when the settlement was made, testify that the credit was read by appellee with the word "an" instead of the word "the." It is true they are brothers of appellant but they are not impeached or contradicted.

Moreover the endorsement as it now stands is untrue, for the sum of $811.79 is not the whole amount of interest that had accrued on the note of $3,000 up to the 12th of March, 1876. It amounted in fact to about $1,493, which is about $681 more than the endorsement shows it to be. Under the circumstances we regard it as incumbent on appellee to show that no more than the amount of the interest was paid by appellee on or before the time the credit was entered.

But here again is conflict between the parties as to how much

was actually paid by appellant. Neither are showing any memorandum or statement used on that day.

Appellee had purchased land from L. C. Miller for · which he agreed to pay him $2,000. He contends that from that amount was deducted a note he held on Miller for $_____, and $500 which he had paid or assumed to pay for appellant to one J. Hill, and that the balance was the amount credited on the note. But obviously appellant paid more and was allowed as a credit for more on that day than $811.79. For otherwise the entire interest would not have been satisfied as the endorsement shows was the case.

In his first deposition appellee does not pretend to show how appellant had paid the additional amount necessary to make the sum of $1,493. But in his second deposition he admits that appellant had previously paid the several sums of $140, $320 and $240, and on the day of the settlement he, together with A. B. N. Miller and L. C. Miller, gave to him their note for $277.79, making an aggregate of $947.17 which added to $811.79 makes $1,758.96, an excess of about $265 over the interest then accrued. Besides appellant contends that appellee paid no more than $240 on his account to Hill, and that he got the benefit of not one-half of the amount due from L. C. Miller but the whole amount of the note for $1,000 and interest amounting to about $1,330, and he is corroborated by L. C. Miller.

It is easy to see therefore how the theory of appellant may be reconciled with the endorsement on the note sued on as he contends it was written and read to him by appellee. But appellee does not suggest any theory or give any explanation as to either the reason for stating on the note that only $811.79 was paid, when he now admits the whole interest was paid, nor by what calculation simply the interest and no more was on that day paid.

We must therefore calculate that on the 12th of March, 1876, the sum of $811.79 in addition to the entire amount to that ,date was paid by appellant, and the court below erred in not allowing him a credit therefor.

We deem it unnecessary to determine whether the mortgage was duly executed and acknowledged or not. For inasmuch as the consideration of the note was for money advanced to pay to Deweese the purchase price of the land, no homestead exemption right could with or without the existence of the mortgage be now asserted or

maintained. *Harrod, &c. v. Johnson,* 5 Kentucky Law Reporter, 247.

For the error indicated the udgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*B. L. D. Guffey, John L. Scott, for appellant.*

*Thos. P. & Wm. Wand, E. W. Hines, for appellee.*

[Cited in *Murray v. Davis,* 9 Ky. L. 508, 5 S. W. 569; *Hensley v. Webb,* 31 Ky. L. 88, 101 S. W. 375.]